**In the Matter of KENSINGTON MANOR JOINT VENTURE, Debtor.**

**Bankruptcy No. MM11–83–00369.**

United States Bankruptcy Court,
W.D. Wisconsin.

May 26, 1983.

Gregory E. Scallon, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for debtor Kensington Manor Joint Venture.

Irvin B. Charne, Michael C. Runde, Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., for First Bank (N.A.).

David J. Schwartz, Eisenberg, Giesen, Ewers & Hayes, S.C., Madison, Wis., for Julius J. Heifetz.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

A final hearing in this matter was held May 24, 1983, at which Attorneys Irvin Charne and Michael Runde appeared for First Bank (N.A.), Gregory Scallon appeared for the debtor, and David Schwartz appeared for Julius J. Heifetz. Upon the evidence received at that hearing I make the following:

### FINDINGS OF FACT

1. Debtor and debtor in possession, Kensington Manor Joint Venture, filed for relief under chapter 11 of the Bankruptcy Code on March 11, 1983.

2. First Bank (N.A.) is a national banking association, licensed to do business in the State of Wisconsin, and is engaged in the banking business at 201 West Wisconsin Avenue, Milwaukee, Wisconsin.

3. The sole asset of the debtor is a 126 unit apartment complex located in Madison, Wisconsin and the personal property associated with the operation of said apartment complex (hereinafter referred to as "the property").

4. The sole business of the debtor is investment in the property.

5. First Bank holds an amended foreclosure judgment, dated March 9, 1983, by the Circuit Court for Dane County, upon which a foreclosure sale of the property was scheduled for March 15, 1983.

6. The amount of the debt to First Bank as of May 24, 1983 is $1,955,350.50, excluding attorneys' fees and costs, and interest accrues at a rate of $567.50 per day thereafter. First Bank has estimated its attorneys' fees and costs to be $13,207.99.

7. The amount of real estate taxes due and not paid, including interest and penalties through May, 1983 is $74,528.19.

8. The 1983 assessed value of the property is $2,575,000.00.

9. The debtor has received and accepted a bona fide offer to purchase the property for the sum of $2,400,000.00, subject to approval by the bankruptcy court, which is contingent only upon the purchaser's ability to obtain financing according to terms set out in the offer and which provides for a closing on July 5, 1983.

10. The fair market value of the property is $2,400,000.00.

11. The debtor is properly maintaining the property and the property is not depreciating in value.

12. The debtor has proposed as adequate protection of First Bank that, subject to the approval of the bankruptcy court, it will commence monthly payments to First Bank of the accruing interest ($567.50 per day) and will establish and maintain an escrow account for the accruing real estate taxes.

13. The property is generating net monthly income, after payment of normal operating expenses, sufficient, together with cash on hand, to make the proposed payments to First Bank.

14. Although, at this early stage in this case, it is difficult to know the exact form a reorganization may take or the probability of success of any reorganization which might be proposed, it is apparent that creditors other than First Bank can reasonably anticipate being benefitted from a reorganization of this debtor and that the property is necessary for any effective reorganization.

### CONCLUSIONS OF LAW

1. First Bank can be adequately protected by the maintenance of all of the following: (a) the value of the property which exceeds the amount due First Bank and all prior liens, (b) monthly payments of the accruing interest due First Bank, and (c) monthly payments to maintain an escrow of the accruing real estate taxes.

2. The property is necessary for an effective reorganization.

### ORDER

Upon the foregoing findings and conclusions it is hereby

ORDERED that the stay imposed in this case by 11 U.S.C. § 362(a) be and hereby is modified as to the First Bank (N.A.) to be continued to June 1, 1983, and thereafter for so long as the debtor shall pay on or before June 1, 1983, and each month thereafter, a sum equal to the interest accrued on the mortgage of the First Bank during the prior month together with 1/12th of the annual real estate taxes levied against the property during the prior year which tax payment shall be held in escrow for application against the present year's real estate taxes, or until further order of this court.